**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FELICIA PONCIANO, *et al.*, | : | Civil Action No. 15-2600 (CCC) |
| Plaintiffs, | : | |
| v. | : | **MEMORANDUM OPINION AND ORDER** |
| STEFANIE SHARP, *et al*, | : | |
| Defendants. | : | |

**THIS MATTER** comes before the Court on *pro se* Plaintiff Felicia Ponciano ("Plaintiff") filing of Summons Return Executed. ECF No. 10. It appearing that:

1. Plaintiff, proceeding *pro se*, filed the Complaint in this action on Aril 10, 2015 against Defendants Stephanie Sharp and Jersey Health Alliance, LLC. (collectively, "Defendants"). ECF No. 1.

2. On January 8, 2016, the Court issued a Notice of Call for Dismissal Pursuant to Federal Rule of Civil Procedure 4(m) (the "4(m) Notice"), as Plaintiffs had not established that proper service was effected on Defendants within 120 days of the filing of the Complaint. See ECF No. 9.

3. On January 19, 2016, Plaintiffs filed Return of Service forms for Defendant Stephanie Sharp, indicating that she had effected service by mailing the Summons and Complaint to each of the Defendants via priority mail. See ECF Nos. 10.

4. Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that

service be made within a specified time." Fed. R. Civ. P. 4(m). "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

5. Federal Rule of Civil Procedure 4(h) governs service on a corporation, partnership or association. Under Rule 4(h), service must be completed either (A) in the manner prescribed by Rule 4(e)(1), which allows the plaintiff to follow the law of the state in which the district court is located, or (B) "by delivering a copy of the summons and the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h).

6. The term "delivering" in Rule 4(h)(1)(B) does not include service by mail. See Travelodge Hotels Inc. v. Vijay Inv., LLC, No. 07-4033, 2007 WL 4557641, at *1 (D.N.J. Dec. 21, 2007) (collecting cases).

7. Plaintiff may serve a corporation, partnership or association by following the New Jersey Rules of Court (pursuant to Rule 4(e)(1)), and those rules provide the following: "If it appears by affidavit satisfying the requirements of R. 4:4-5(b) that despite diligent effort and inquiry personal service cannot be made in accordance with paragraph (a) of this rule," service may be effectuated by "mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously by ordinary mail to . . . a corporation, partnership or unincorporated association that is subject to suit under a recognized name, addressed to a recognized agent for service, or to its principal place of

business, or to its registered office." N.J. Ct. R. 4:4-4(b)(1)(C).

8. Plaintiffs did not file an affidavit showing that "despite diligent effort and inquiry, personal service cannot be made" in accordance with New Jersey Court Rule 4:4-4(a). Therefore, serving Defendants by mail is insufficient. See Capers v. Quest Capital Strategies, No. 06-5780, 2007 WL 2033831, at *2 (D.N.J. July 10, 2007) (denying default judgment where plaintiff served defendant "via certified mail at its New York office," and noting that "[i]n New Jersey, service can be made by certified mail, but after personal service is unsuccessful"); cf. Travelodge, 2007 WL 4557641, at *2.

9. Moreover, according to the Return of Service that Plaintiff filed with the Court as to Defendant Stephanie Sharp, the Summons and Complaint were never delivered to that Defendant. See ECF No. 12.

10. In light of Plaintiffs' *pro se* status, the Court will grant Plaintiffs one final opportunity to effect service properly on Defendants, within thirty (30) days of the date of this Order. See Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure [to effect service within 120 days,] the court must extend the time for service for an appropriate period."). Accordingly,

IT IS on this 22 day of June, 2016,

**ORDERED THAT:**

1. Plaintiffs shall establish that proper service was effected within thirty (30) days of the date of this Order.

2. If proof of service is not filed within thirty (30) days of the date of this Order and Plaintiffs do not show good cause as to why this action should not be dismissed, the Court will dismiss the action.

**SO ORDERED.**

_____
CLAIRE C. CECCHI, U.S.D.J.