NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FELICIA PONCIANO,<br><br>        Plaintiff,<br><br>v.<br><br><br>STEFANIE SHARP and JERSEY HEALTH ALLIANCE LLC<br><br>        Defendants. | Civil Action No.: 15-cv-2600<br><br><br><br>OPINION & ORDER |

**CECCHI, District Judge.**

This matter comes before the Court by way of Defendant Jersey Health Alliance LLC's ("Defendant" or "Jersey Health") motion to dismiss pro se Plaintiff Felicia Ponciano's ("Plaintiff") Third Amended Complaint (ECF No. 28, TAC) pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6). *See* ECF No. 43 ("MTD"). Plaintiff filed letters in opposition to Defendant's motion (ECF Nos. 45, 47, 48) and Defendant replied. ECF No. 46 ("Reply"). For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

**WHEREAS** this suit arises out of Defendant's alleged discriminatory termination of Plaintiff's employment in 2014. *See generally* TAC. Plaintiff filed her initial complaint (ECF No. 1) on April 10, 2015, asserting claims against her former employer Jersey Health, and Stephanie Sharp, a purported former employee of Jersey Health and co-worker of Plaintiff's.[1] Plaintiff filed

---

[1] As of the date of this Order, it appears defendant Sharp has not been effectively served and therefore has not appeared in this suit. *See* ECF No. 11 (Order dated June 22, 2016, finding that Plaintiff had not appropriately delivered the summons and complaint to defendant Sharp as required by the Federal Rules of Civil Procedure, and instructing Plaintiff to effect proper service

an amended complaint on October 20, 2017 (ECF No. 15) and a second amended complaint on June 20, 2018 (ECF No. 25). Upon Order of this Court dated June 28, 2018, Plaintiff's Third Amended Complaint would "supersede and replace" Plaintiff's initial complaint, amended complaint, and second amended complaint. ECF No. 27. The Court further instructed Plaintiff that her TAC "must contain all of Plaintiff's factual and legal allegations." *Id.*; and

**WHEREAS** Plaintiff filed her operative TAC on July 30, 2018. Plaintiff's TAC does not delineate specific causes of action. However, given Plaintiff's *pro se* status, the Court gleans from the pleading that Plaintiff intends to pursue the defamation claim as asserted in the TAC in addition to Plaintiff's Title VII and CEPA claims as originally contended in the initial complaint. *See* ECF No. 1; TAC at 1; and

**WHEREAS** Plaintiff alleges that defendant Sharp defamed her by criticizing her work performance and eventually forcing her to resign. TAC at 1–2. For example, while Plaintiff's assertions are at times difficult to decipher, it appears that she blames Sharp for interfering with her job performance and maligning her to others: "Ms. Sharp gave me medical records tasks to do, but Mr. Blinder had asked me to help him. Ms. Sharp told not to do it to focus on my copays and daily sheets instead, then when Mr. Blinder told her that I couldn't help him because she told not to she go ahead and email him and others upper administration lying telling him that she never

---

within thirty days of the date of the Order.); ECF No. 13 (certificate of service filed by Plaintiff dated July 22, 2016, indicating "personal service unsuccessful" as to Sharp, where Plaintiff was unsuccessful in serving Sharp at her place of work); ECF No. 21 ("Summons Returned Unexecuted as to Stefanie Sharp" dated April 11, 2018, indicating that in-person service on Sharp failed because Sharp had resigned in 2017 and no longer worked at the location Plaintiff attempted to serve); ECF No. 37 ("Summons Returned Unexecuted as to Stefanie Sharp" dated May 6, 2019, where Plaintiff appears to have attempted service at an incorrect address for Sharp). Accordingly, the Court recognizes that defendant Sharp is not a party to the instant motion. Even if Sharp had been properly served, Plaintiff's claims nonetheless fail against Sharp for reasons espoused in this opinion.

told me not to do it." TAC at 1.  Further, Plaintiff alleges that "Ms. Sharp and I argued she claimed that I was doing my work to slow," (*id.* at 2) and avers that Sharp asked Plaintiff's co-workers to "spite" her (*id.*) and Plaintiff's employer to "termed" her (*id.*).  Plaintiff asserts that this alleged treatment "caused me depression[,] sadness, worries and financial difficulties." *Id.*; and

**WHEREAS** Plaintiff initially brought claims against both defendants for discrimination and retaliation due to her age and ancestry in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the New Jersey Conscientious Employee Protection Act ("CEPA"), the state's employee whistleblower statute.  ECF No. 1 at 2.  Plaintiff's TAC adds a claim for defamation, which appears to allege that defendant Sharp spoke negatively about Plaintiff in the workplace leading to Plaintiff's resignation.  TAC at 1–2.  Plaintiff seeks $1 million from Jersey Health, and an order from this Court to stop defendant Sharp's alleged bad behavior. *Id.* at 2; and

**WHEREAS** on June 22, 2016, this Court determined that Plaintiff had not yet adequately effectuated service and ordered Plaintiff to "effect service properly on Defendants, within thirty (30) days of the date of this Order." ECF No. 11 at ¶ 10.  Plaintiff filed a Certificate of Service on July 22, 2016, indicating that service on defendants had been unsuccessful.  ECF No. 13.  Thereafter, on September 28, 2017, the Court ordered Plaintiff to file an amended complaint, with service to be provided by the U.S. Marshals ("USMS").  ECF No. 14 at 2.  Plaintiff filed her first amended complaint on October 20, 2017.  ECF No. 15.  The Court then ordered the Clerk to issue a summons and for the USMS to serve the first amended complaint and summons, among other papers, on all defendants. ECF No. 16; and

**WHEREAS** Plaintiff requested permission to file a second amended complaint, which the Court granted on May 15, 2018.  ECF No. 24.  The Court permitted Plaintiff thirty days to file a second amended complaint, and again provided that the USMS should serve the second amended

complaint, summons, and order on defendants. *Id.* Plaintiff filed her second amended complaint on June 20, 2018. ECF No. 25. In response, the Court issued an order, dated June 28, 2018, finding that the second amended complaint did not comply with the Court's previous order, as it failed to satisfy Rule 8's short and plain statement requirement as to both jurisdiction and entitlement to relief. ECF No. 27. The Court again permitted Plaintiff to replead. *Id.*; and

**WHEREAS** Plaintiff filed the operative TAC on July 30, 2018. ECF No. 28. Plaintiff appears to re-allege that defendant Sharp created a hostile work environment through purported lies and malicious treatment. *Id.* at 1. Plaintiff further alleges that she filed a formal Human Resources complaint against defendant Sharp for retaliation and discrimination on account of her age, and that defendant Sharp defamed her in the workplace. *Id.* at 1–2. On August 6, 2018, the Court re-opened Plaintiff's case, and ordered that the Clerk of Court issue a summons and the USMS to serve the third amended complaint, summons, and order on the defendants. ECF No. 29. On January 3, 2019, the summons as to Defendant Jersey Health was returned unexecuted. ECF No. 36.[2] In a letter dated October 14, 2019, Plaintiff inquired into that status of service of her TAC. ECF No. 40. A Chamber's Note on the docket, dated June 30, 2021, stated that USM Form 285 should be forwarded to the USMS for effectuation of service. One year later, on June 22, 2022, the summons as to Defendant was returned executed and filed as having been served on June 1, 2022. ECF No. 41. The USM Form 285 was dated May 31, 2022 and was stamped as having been received by USMS on the same date. *Id.* On July 6, 2022, Defendant moved to dismiss the instant TAC pursuant to Rules 12(b)(2), 12(b)(5), and 12(b)(6). *See* MTD; and

---

[2] It appears that Plaintiff mistakenly effectuated service through the USMS on a non-party to this lawsuit, Carepoint Health Group. ECF No. 38

**WHEREAS** to survive dismissal under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" pursuant to Fed. R. Civ. P. 8(a). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; and

**WHEREAS** the Court will dismiss Plaintiff's TAC in its entirety under Rule 12(b)(6) for failure to state a claim for which relief may be granted.[3]  To the extent Plaintiff alleges she was defamed by Jersey Health, the Court is not persuaded.  To state a claim for defamation under New Jersey law, a plaintiff must adequately allege: (1) that the defendant made a defamatory statement of fact; (2) concerning the plaintiff; (3) which was false; (4) which was communicated to persons other than the plaintiff; and (5) fault.  *Taj Mahal Travel, Inc. v. Delta Airlines, Inc.*, 164 F.3d 186, 189 (3d Cir. 1998). While "a defamation pleading does not need to cite precise defamatory statements, it must [] provide sufficient notice to the other party of the allegations made against him." *Cristelli v. Filomena II, Inc.*, No. 99-2862, 1999 WL 1081290, at *3 (D.N.J. Dec. 1, 1999).  Plaintiff's defamation allegations appear to assert that Sharp lied to upper administration and co-workers about her inability to complete work and effectively do her job (TAC at 1–2), and that Sharp asked Plaintiff's direct supervisor to terminate her (*id.* at 2); and

**WHEREAS** Plaintiff's claim fails because she has not adequately pleaded that the comments were "defamatory statements of fact."  New Jersey courts have consistently held that

---

[3] Because Plaintiff is a *pro se* litigant, her filings are entitled to a liberal construction and her complaint is held to a less stringent standard than pleadings drafted by lawyers. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013) (citation omitted).

generic criticisms of an employee's or co-worker's job performance are opinion statements and thus not actionable as a defamation claim. *Ward v. Zelikovsky*, 136 N.J. 516, 529 (1994) ("[O]pinion statements generally have received substantial protection under the law"); *Kassin v. CompuCom, Inc.*, No. 11-5009, 2012 WL 893097, at *3 (D.N.J. Mar. 15, 2012) (finding that employer's statements about "unsatisfactory job performance" was not "false and defamatory" because it was "primarily comprised of opinions that enjoy immunity."); *Higgins v. Pascack Valley Hosp.*, 158 N.J. 404, 427 (1999) (determining that co-workers' statements about their unwillingness to work with plaintiff were non-actionable opinions rather than defamatory statements of fact). Here, Sharp's comments appear to be limited to her own opinions of Plaintiff's on-job performance. *See, e.g.*, TAC at 1–2. Thus, Plaintiff's defamation claim fails as a matter of law; and

**WHEREAS** the Court next considers Plaintiff's claims for age and ancestry/race discrimination under Title VII. Although a pro se plaintiff like Ms. Ponciano is given some leeway in meeting the Federal Rules' pleading requirements, even under that relaxed standard, there is no substantial question that the TAC failed to state a claim. *See Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (holding that a *pro se* complaint must still meet Twombly and Iqbal's plausibility standard). To make out a *prima facie* case of discrimination under Title VII, Plaintiff must show: "(1) she belongs to a protected class; (2) she suffered some form of adverse employment action; and (3) the adverse employment action occurred under circumstances that give rise to an inference of unlawful discrimination." *Barnett v. New Jersey Transit Corp.*, 573 Fed. App'x. 239, 243 (3d Cir. 2014) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Here, Plaintiff has not asserted any circumstances that could give rise to an inference of unlawful discrimination. Plaintiff does not plead facts alleging that she belongs to a protected class, and thus her allegations

fail at the outset.  Even if Plaintiff had adequately alleged that she belonged to a protected class and was forced to resign, Plaintiff's pleading does not demonstrate that she was subject to circumstances that may give rise to an inference of unlawful discrimination.  Nowhere does Plaintiff allege that Defendant forced her resignation on account of her age or ancestry.  Further, Plaintiffs has not put forth allegations "that raise a reasonable expectation that discovery will reveal evidence" sufficient to establish a *prima facie* discrimination case.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir.2009).  In other words, Plaintiff's TAC does not attribute any adverse employment action to her age or race, and thus her discrimination claims lack reasonable factual support.  Accordingly, because the pleading is devoid of factual allegations establishing the required elements, the Court dismisses Plaintiff's Title VII discrimination claims.  *See Washington v. Malmud*, No. 19-5927, 2020 WL 6144707, at *3 (D.N.J. Oct. 20, 2020) (dismissing *pro se* plaintiff's age and race discrimination claims under Title VII where, as here, plaintiff "failed to plead almost any facts at all" to show "an inference of unlawful discrimination.");[4] and

**WHEREAS** Plaintiff's retaliation claims fare no better.  To advance a prima facie case of retaliation a plaintiff must show that: (1) she engaged in a protected activity; (2) the employer took an adverse employment action after or contemporaneous with the protected activity; and (3) a causal link exists between the employee's protected activity and the employer's adverse action.

---

[4] Although Plaintiff does not bring a separately delineated claim for hostile work environment, in the interest of completeness, the Court notes that such a claim would fail as pleaded.  *See Rosado v. Session*, No. 15-3999, 2018 WL 2411608, at *10 (D.N.J. May 29, 2018) (considering a *pro se* hostile work environment claim in addition to Title VII discrimination even though plaintiff "does not style any of his counts as a hostile-work-environment cause of action.").  To succeed on a hostile work environment claim under Title VII, Plaintiff must establish, at the very least, that she suffered intentional discrimination because of her race, national origin, or ethnicity.  *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013).  As discussed above, Plaintiff has not made such a showing.  Accordingly, any claims for hostile work environment are without merit.

*See Abramson v. William Paterson Coll. of N.J.*, 260 F.3d 265, 286 (3d Cir. 2001). As discussed above, Plaintiff has failed to allege facts showing that she was engaged in any protected activity. Nor has Plaintiff provided any factual allegations showing a causal connection between any activity of hers and any action taken by her employer. *Washington*, 2020 WL 6144707, at *4. Plaintiff does not plausibly allege that her resignation was caused by any purported discrimination based on race or age, nor does she assert that decisions about her employment were motivated by her engagement in protected activity. *See Romano v. City of Paterson, New Jersey*, No. 17-12191, 2019 WL 1423687, at *5–6 (D.N.J. Mar. 29, 2019). Accordingly, Plaintiff's retaliation claims are dismissed; and

**WHEREAS** Plaintiff's whistleblower claim under CEPA is similarly dismissed. CEPA requires proof of four elements: (1) that the plaintiff reasonably believed that an employer's conduct violated a law or regulation; (2) that the plaintiff performed "whistle-blowing activity" as defined in CEPA; (3) that an adverse employment action has been taken against him or her; and (4) that the whistle-blowing activity caused such adverse employment action. *Rodriguez v. Ready Pac Produce*, No. 13-4634, 2014 WL 1875261 (D.N.J. May 9, 2014). Here, Plaintiff does not allege that Defendant engaged in any illegal or violative activity. Moreover, Plaintiff does not claim to have been a whistle-blower or to have performed any whistle-blowing activities in relation to her resignation. Thus, Plaintiff's CEPA claim may not proceed.[5]

Accordingly, **IT IS** on this 27th day of February, 2023,

---

[5] Having determined the insufficiency of Plaintiff's TAC under rule 12(b)(6), the Court need not consider Defendants' alternative grounds for dismissal under Rules 12(b)(2) and 12(b)(5). MTD at 7–14.

      **ORDERED** that Defendant's motion to dismiss (ECF No. 43) is **GRANTED**; and it is further

      **ORDERED** that this case shall be **DISMISSED**; and it is further

      **ORDERED** that the Clerk of the Court shall mark this matter **CLOSED**.

      **SO ORDERED**.

                                              s/ Claire C. Cecchi
                                         **CLAIRE C. CECCHI, U.S.D.J.**